Case 4:21-cv-03186   Document 1-4   Filed on 09/30/21 in TXSD   Page 1 of 8

8/31/2021 7:05 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 56847464
By: Cynthia Clausell-McGowan
Filed: 8/31/2021 7:05 PM

2021-55705 / Court: 133

CAUSE NO. _____

| | | |
|---|---|---|
| **CHRISTOPHER GRIFFIN** | § § § § | **IN THE DISTRICT COURT OF** |
| *Plaintiff,* | § | |
| VS. | § § § | **HARRIS COUNTY, TEXAS** |
| **KINDSVATER, INC. AND RICHARD RICE,** | § § § § | |
| *Defendant.* | § | **_____JUDICIAL DISTRICT** |

### PLAINTIFF CHRISTOPHER GRIFFIN'S ORIGINAL PETITION, and RULE 193.7 NOTICE

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, **CHRISTOPHER GRIFFIN** hereinafter referred to as Plaintiff, and files this lawsuit against **KINDSVATER, INC. (KINDSVATER) AND RICHARD RICE** hereinafter referred to as Defendants, and in support thereof, for cause of action would respectfully show this Honorable Court as follows:

### I.
### DISCOVERY CONTROL PLAN

1.1     Plaintiff requests that Discovery be conducted under Level III of TEXAS RULES OF CIVIL PROCEDURE.

### II.
### PARTIES

2.1     Plaintiff, Christopher Griffin, is a resident citizen of Houston, Harris County, Texas.

2.2     Defendant Kindsvater, Inc. is foreign corporation organized and existing under the laws of the State of Kansas who may be served with citation via the registered agent Rapid registered Agents, LLC, 8701 Shoal Creek, #401, Austin, Texas 78757.

**EXHIBIT C**

2.4     Defendant, Richard Rice, with DOB 3/1943 , is a nonresident of the State of Texas. This lawsuit arises from a motor vehicle collision that occurred while this party was operating a motor vehicle in the State of Texas. Therefore, pursuant to TEXAS CIVIL PRACTICE & REMEDIES CODE §17.062 et seq., the agent for service of process for this party is, Chairman of the Texas Transportation Commission, 125 East 11 Street, Austin, Texas 78701-2483. This party's residential address is **2301 E. Trail St., Dodge City, Kansas, 67801.**

2.5     Pursuant to Rule 28 of the Texas Rules of Civil Procedure, Plaintiff hereby brings suit against all partnerships, unincorporated associations, individuals, entities, and private corporations doing business under the assumed or common name of  Kindsvater, Inc. Pursuant to TRCP 28, in the event that any Defendant is being sued under its assumed or common name, Plaintiff requests that Defendants answering in their true name.

2.6     In the event any parties are misnamed or are not included herein, it is the Plaintiff's contention that such was a "misidentification", "misnomer" and/or such parties are/were "alter egos" of parties named herein.   Alternatively, Plaintiff contends that such "corporate veils" should be pierced to hold such parties properly included in the interest of justice.

### III.
### JURISDICTION AND VENUE

3.1     This Court has jurisdiction in this matter because the damages to Plaintiff are within the jurisdictional limits of this Court.   The amount in controversy is above $250,000, but not more than $1,000,000.

3.2     All or a substantial part of the events or omission giving rise to the claim occurred in Harris County.  Therefore, venue is proper pursuant to §15.001 and §15.002(a) (1) of the Texas Civil Practice & Remedies Code.

3.3     All other conditions precedent to the filing of this suit have been met.

## IV.
## FACTUAL BACKGROUND

4.1     This case arises from an automobile collision caused by the negligent acts of the Defendants Kindsvater, Inc. and Richard Rice.  Nothing Plaintiff did caused or contributed to this occurrence.

4.2     On or about February 13, 2020 Plaintiff Christopher Griffin was involved in an injury-producing car wreck.  This collision occurred near the 25400 block of E. IH-10 near Highway 90 in Houston, Harris County, Texas. Suddenly and without warning, Defendant Richard Rice, driving a vehicle owned by Defendant Kindsvater failed to keep a proper look out and failed to control his speed, striking Plaintiff's vehicle in the rear.   The force of the crash caused physical damage to Plaintiff's vehicle.  Due to Defendant Richard Rice's negligent operation of his vehicle, Plaintiff Christopher Griffin suffered permanent and disabling injuries requiring extensive and ongoing medical treatment.

## V.
## NEGLIGENCE CAUSE OF ACTION AGAINST DEFENDANT KINDSVATER, INC.

5.1     Defendant Kindsvater, Inc. was the employer of Defendant Rice and/or was the owner of the vehicle driven by Defendant Rice.  At all times material to this lawsuit, Defendant Rice was acting within the course and scope of his employment with Defendant Kindsvater.

Consequently, Defendant Kindsvater is vicariously liable to Plaintiff for the negligent conduct of Defendant Rice under the doctrine of *respondeat superior.*

5.2   Furthermore, the independent conduct of this Defendant constitutes negligence. Such negligent acts and omissions include, but are not limited to the following:

    a.   Hiring and/or retaining Defendant Rice whom it knew or should have known was a reckless or incompetent driver;

    b.   Entrusting a vehicle to Defendant Rice whom it knew or should have known was a reckless or incompetent driver;

    c.   Failing to properly train Defendant Rice in the safe operation of a motor vehicle;

    d.   Failing to properly supervise Defendant Rice's driving activities; and;

    e.   Any other was that the evidence may show during the course of discovery and can be proven at trial.

5.3   The foregoing acts and omissions, singularly and collectively, on the part of this Defendant constitutes negligence and such negligence was a proximate cause of the occurrence made the basis of this suit and Plaintiff's injuries and damages.

## VI.
## DEFENDANT RICHARD RICE

6.1   Plaintiff would further show that Defendant, Richard Rice was guilty of the following acts of negligence, and that each of such acts and omissions, singularly or in combination with others constituted negligence that proximately caused the collision, damages and injuries that Plaintiff suffered, to-wit:

      a.    in failing to maintain a proper lookout;

      b.    in failing to come to a stop prior to hitting the vehicle driven by Plaintiff;

      c.    in failing to timely apply his brakes in order to avoid the collision in question;

      d.    failing to yield to traffic;

      e.    in failing to maintain proper control of his vehicle;

      f.    in failing to control his speed as required by Texas Transportation Code §545.351, and

      g.    in such other ways to be shown at or before the time of trial.

6.2    Defendant Richard Rice's was per se negligent in failing to control his speed and in failing to follow the rules of the road and the laws of the State of Texas. Defendant Rice's negligent and grossly negligent conduct was a proximate cause of Plaintiff's injuries and damages.

## VII.
## DAMAGES

7.1    As a result of the negligent acts of Defendant Richard Rice, Plaintiff Christopher Griffin has incurred necessary hospital and medical expenses and will continue to incur medical expenses in connection with said injuries for an undetermined length of time in the future.

7.2    As a direct and proximate result of the negligence of Defendant Richard Rice, Plaintiff Christopher Griffin suffered severe injuries and extreme physical pain, suffering and mental anguish, physical incapacity and in all probability, Plaintiff Christopher Griffin will be forced to endure physical pain, suffering, mental anguish and physical incapacity for an undetermined length of time and probably for the remainder of his life.  In the incident made the basis of this suit, Plaintiff Christopher Griffin suffered injuries to his kness, neck, back and general body.  As a direct and proximate cause of Defendant's negligent conduct and resulting injuries, Plaintiff Christopher Griffin

has been forced to undergo extensive therapy, diagnostic testing, injections and other various types of treatment to heal his physical impairments.

7.4   All damages sought by Plaintiff Christopher Griffin include damages that were sustained in the past, and that, in reasonable probability, will be sustained in the future. Plaintiff Christopher Griffin seeks both pre-judgment and post judgment interest as allowed by law, for all costs of Court, and all other relief, both at law and in equity. Therefore, Plaintiff Christopher Griffin will seek to recover all damages allowed by law, not to exceed $1,000,000.00, including any damages to compensate him for the following:

    a.    all necessary medical care expenses in the past;

    b    all necessary medical care that, in reasonable probability, Plaintiff will sustain in the future;

    c.    physical pain and suffering in the past;

    d.    physical pain and suffering in the future;

    e.    mental anguish in the past;

    f.    mental anguish that, in reasonable probability, Plaintiff will sustain in the future;

    g.    physical impairment in the past;

    h.    physical impairment that, in reasonable probability, Plaintiff will sustain in the future;

    i.    disfigurement in the past;

    j.    disfigurement that, in reasonable probability, Plaintiff will sustain in the future;

    k.    lost earnings in the past;

      l.    loss of earning capacity that, in reasonable probability, Plaintiff will sustain in the future, and

      m.    punitive damages.

## VIII.
## REQUUIRED DISCLOSURE

8.1    Pursuant to Texas Rule of Civil Procedure 194, Defendant is required to disclose, within thirty (30) days after filing of the first answer or general appearance the information or material described in Rule 194.2 (a)-(l).

## IX.
## RULE 193.7 NOTICE

9.1    Plaintiff hereby puts Defendant on notice that Plaintiff intends to use Defendant's discovery responses as evidence at trial in accordance with such right and privileges established by TEXAS RULE OF CIVIL PROCEDURE 193.7.

## X.
## JURY DEMAND

10.1    Pursuant to Rule 216 of the TEXAS RULES OF CIVIL PROCEDURE, Plaintiff respectfully requests and demands a trial by jury.

## XI.
## PRAYER

11.1    **WHEREFORE, PREMISES CONSIDERED**, Plaintiff prays that the Defendant be cited to appear and answer herein as the law directs, and that upon final hearing, and that Plaintiff

have and recover judgment of and from the Defendant pursuant to the above and foregoing allegations in such amounts, as hereinabove set out and as the evidence may show proper at the time of trial, together with interest thereon at the legal rate, costs of Court, and for such other and further relief, both general and special, at law and in equity, to which Plaintiff may be justly entitled.

Respectfully submitted,

**Brown & Musslewhite, LLLP**

*/s/ Jeff Musslewhite*
Jeffrey Musslewhite
TBN:  24041555
Lori L Brown
TBN: 00792375
1776 Yorktown, Suite 450
Houston, Texas 77056
281-810-8780 – Telephone
888-599-4190 – Facsimile
jeff@lbjmlaw.com
lori@lbjmlaw.com
www.lbjmlaw.com

***Attorney for Plaintiff,
CHRISTOPHER GRIFFIN***